UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80705-MC-ZLOCH

MADELINE L.L.C.,

      Plaintiff,

vs.                            **O R D E R**

BRIAN STREET, and JAMES H.
COHEN,

      Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiff Madeline L.L.C.'s Motion To Compel (DE 1). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    The Parties to this action are embroiled in a lawsuit presently pending in the United States District Court for the Southern District of New York, involving Defendants' alleged breach of contract. On or about April 2, 2009, Plaintiff served a Subpoena (DE 2, Ex. 2) upon non-Party Raymond J. Nicholson for the production of certain documents. By the instant Motion Plaintiff claims that Nicholson failed to produce the subpoenaed documents within the time allowed by Federal Rule of Civil Procedure 45. Nicholson's Response (DE 7) to the instant Motion, filed well after the time for complying with the Subpoena had run, states only that he has produced responsive documents; it raises no objection to the subpoena, but states only that this Motion has been mooted. By its

Reply (DE 8), Plaintiff establishes that Nicholson has not responded fully to the Subpoena.  Because Nicholson's responses fail to live up to the open and obvious discovery demanded by the Federal Rules, the Court will grant the instant Motion.  See Ward v. Estalerio Itajai S/A, 541 F. Supp. 2d 1344, 1355 (S.D. Fla. 2008) ("[T]he procedure for discovery in federal court . . . is aimed at the broad and liberal discovery of all relevant facts to bring everything to light before the trier of fact.").

A Rule 45 subpoena is a discovery vehicle used against non-parties to, among other things, obtain documents relevant to a pending lawsuit.  Fed. R. Civ. P. 34(c).  Rule 45 must be read in conjunction with Federal Rule of Civil Procedure 26, because the latter rule "clearly defines the scope of discovery for all discovery devices."  9A Wright & Miller, Federal Practice and Procedure: Civil 3d § 2452 (3d ed. 2008).  Thus, a party may use a Rule 45 subpoena to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Of course, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

A person subject to subpoena has 14 days from service to raise any objections.  Fed. R. Civ. P. 45(c)(2)(B).  Failure to timely raise objections results in waiver.  Id.; 9A Wright & Miller, supra § 2463 (noting that "failure to object within the fourteen-day

2

period usually results in waiver of the contested issue") (footnote omitted).

Plaintiff's filings establish that Nicholson has failed to comply with the Subpoena.  First, he failed to make any response within the time allotted.  Thus, any objection is waived.  Fed. R. Civ. P. 45(c)(2)(B); 9A Wright & Miller, supra § 2463.  Second, the documents eventually produced are clearly deficient for several reasons.  Nicholson's failure to produce the subpoenaed documents in their entirety directly contravenes the Subpoena's instructions.  See DE 2, Ex. 2, ¶ 29 ("All documents are to be produced in their entirety, without abbreviation or expurgation.").  For instance, on several pages of one document a notation is included on the originals noting that they are pages "2 of 6" and "5 of 6," but Nicholson did not include pages 1, 3, 4, or 6 of this document.  E.g., DE 9-3, pp. 7-8.  These and all other pages of the documents actually produced should not have been withheld because they are covered by the terms of the Subpoena.  DE 2, Ex. 2, ¶ 29.  No objection having been lodged, Nicholson will produce them all.  9A Wright & Miller, supra § 2463.

Next, though a partial disclosure of documents was made, Nicholson failed to produce all of the documents requested.  For example, the Subpoena sought all documents evidencing payments from Defendants made to Nicholson and his related entities.  See DE 2, Ex. 2, ¶ 17.  In response, Nicholson disclosed amortization

schedules for two such entities, R.J. Nicholson and Raymond J. Nicholson Ventures, LLC; however, regarding the evidencing of payments received, Nicholson disclosed only a partial bank statement and did so only for the latter.  See DE 9-3, pp. 4, 5, & 2-3.  This is certainly not in keeping with the open and obvious discovery that Plaintiff and its Counsel would expect under the Federal Rules of Civil Procedure.  Cf. Exemar v. Urban League of Greater Miami, Inc., 2008 WL 2645675 *1 (S.D. Fla. 2008) ("To effectuate this deliberate choice on the part of Congress in favor of the [sic] once-and-for-all litigation as to all issues, the Federal Rules allow for broad discovery."), quoting Ward, 541 F. Supp. 2d at 1353.  This is but one example of Nicholson's failure to comply with the Subpoena.

Though undoubtedly aware that the usual sanction for failing to respond properly to a duly issued subpoena is contempt, Fed. R. Civ. P. 45(e), Plaintiff seeks only an Order compelling "Nicholson to comply with the Subpoena and produce the requested documents." DE 1, p. 3.  The Court will order such compliance.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Madeline L.L.C.'s Motion To Compel (DE 1) be and the same is hereby **GRANTED** as follows:

1. By noon on Monday, June 15, 2009, non-party Raymond J. Nicholson shall produce full and complete documentation responsive to the Subpoena (DE 2, Ex. 2) served upon him on or about April 2,

2009;

    2. Pursuant to Federal Rule of Civil Procedure 37, by <u>noon</u> on <u>Friday, June 12, 2009</u>, Plaintiff Madeline L.L.C. shall file with the Clerk of this Court a Memorandum together with supporting Affidavits and Exhibits consistent with Local Rule 7.3 of the Untied States District Court for the Southern District of Florida establishing the costs and fees incurred in connection with the proceedings herein;

    3. Pursuant to Federal Rule of Civil Procedure 37, by <u>noon</u> on <u>Friday, June 12, 2009</u>, non-party Raymond J. Nicholson shall file with the Clerk of this Court a Memorandum establishing good cause for his failure to comply with his discovery obligations in response to the Subpoena (DE 2, Ex. 2) duly served upon him; and

    4. Plaintiff's Counsel shall cause a true and correct copy of this Order to be served upon non-Party Raymond J. Nicholson on or before <u>Tuesday, June 9, 2009</u>, and shall file a completed Return of Service with the Clerk of this Court reflecting the same.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this <u>  3rd  </u> day of June, 2009.

                                         WILLIAM J. ZLOCH
                                         United States District Judge

Copies Furnished:

All Counsel of Record

Non-Party Raymond J. Nicholson
(Plaintiff to provide)